IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHRIS SCHRICTE, | CV 24–28–M–DLC–KLD |
| Plaintiff/Counterclaim Defendant, | |
| vs. | ORDER |
| CHRIS TILLEMAN; TERADACT ACQUISITIONS, LLC; DOES I–X, | |
| Defendants/Counterclaim Plaintiffs. | |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on June 20, 2025, recommending that the Court remand this case to state court for lack of subject matter jurisdiction. (Doc. 82 at 27.) Finding no clear error in Judge DeSoto's Findings and Recommendation, the Court adopts them in full.

Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

1

422, 427 (9th Cir. 2000).

Schricte—former Chief Executive Officer of TeraDact Solutions, Inc.—originally filled this action in the Montana Fourth Judicial District Court, Missoula County. (Docs. 18, 25-1.) According to the original Complaint, Defendants Chris Tilleman and TeraDact Acquisitions (collectively "TeraDact") reneged on promises they made to Schricte regarding the terms of his employment with TeraDact and the percentage of ownership interest in TeraDact Acquisitions that Schricte would acquire. (Doc. 25-1 ¶¶ 12, 20.) Schricte alleged five claims for relief: (1) wrongful discharge from employment; (2) breach of contract; (3) unjust enrichment; (4) fraudulent inducement; and (5) punitive damages. (*Id.* at 5–8.) Schricte then filed an Amended Complaint alleging several additional claims. (Doc. 15.)

On February 21, 2024, TeraDact removed the case to this Court based on federal question jurisdiction, asserting that this Court has jurisdiction because Schricte's unjust enrichment claim is preempted under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (Doc. 1 ¶¶ 6, 27.)

Judge DeSoto finds that Schricte's state law claims are not subject to copyright preemption and the Court therefore lacks federal question jurisdiction. (Doc. 82 at 26.) Based on this finding, Judge DeSoto recommends that this case be remanded to state court. (*Id.* at 27.) Reviewing Judge Desoto's Findings and

2

Recommendation for clear error, the Court finds none.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 82) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that this case is REMANDED to the Montana Fourth Judicial District Court pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to close this case file.

DATED this 15th day of July, 2025.

_____
Dana L. Christensen, District Judge
United States District Court